Dalbey v. Lowenstein.

## DALBEY v. LOWENSTEIN.

A defendant arrested by a sheriff, by virtue of a writ of *capias ad respondendum*, who has surrendered himself to the sheriff, before the return day of the writ, in discharge of his bail-bond, is regarded, upon such surrender, as being in the custody of the sheriff, by virtue of the original arrest, and may give bond and inventory and be discharged from custody, under the second section of the act abolishing imprisonment on civil process in certain cases. *Nix. Dig.* 386, § 9. In such cases, the sheriff should return the writ specially, under the fourth section of that act, with the bond and inventory taken by him.

Dalbey v. Lowenstein.

On application by the sheriff of Essex to amend his return to a writ of *capias ad respondendum*.

Argued November Term, 1870, before WOODHULL, DE-PUE, and VAN SYCKEL, Justices.

For the application, *J. W. Taylor*.

Contra, *J. Dixon, Jr.*

DEPUE, J.   A writ of *capias ad respondendum* issued out of this court in the above cause, was placed in the hands of the sheriff of Essex, for service, returnable to the term of June, 1870.   The sheriff, having arrested the defendant, took a bail-bond for his appearance, and immediately returned the writ, according to the statute, *cepi corpus*, with the names of the bail and a copy of the bail-bond.   Before the return day, the defendant surrendered himself to the sheriff, which surrender was accepted by the sheriff, who took the defendant in his custody, and while so in custody, the defendant gave bond, under the provisions of the act entitled "An act abolishing imprisonment on civil process in certain case, (*Nix. Dig.* 386,*) and was thereupon discharged from custody.   Bail to the action not having been put in, the plaintiff, at the term to which the writ was returnable, ruled the sheriff to bring in the body.   Application is now made by the sheriff for leave to amend his return to the writ.   The defendant gave bond for the benefit of the insolvent laws, and was discharged from custody before the return day of the writ, and was not, therefore, in the custody of the sheriff on the return day.

A surrender by a defendant, who, on his arrest, gives a bail-bond to the sheriff, may be made before the return day of the process, and if such surrender is accepted by the sheriff, the bail is discharged.   *Florence* v. *Shumar*, 5 *Vroom* 455.   After such surrender, the defendant is regarded as being in custody by virtue of the original arrest.   1 *Arch.*

* *Rev.*, p. 497, § 2–5.

*Prac.* 102. The sheriff has no other authority for his detention. A defendant, who, having been arrested by a constable by virtue of an execution against his body, gave bond to the constable for the benefit of the insolvent law, and having been refused his discharge, voluntarily surrendered himself to the sheriff, in compliance with his insolvent bond, is considered in the custody of the sheriff under the original execution, and the sheriff may be sued in an action of debt for an escape, if he subsequently suffers him to go at large. *Woodruff* v. *Barrett,* 3 *Green* 40.

The defendant being in custody under the original arrest, was in a situation to give bond to apply for the benefit of the insolvent laws, and upon the tender of such bond, with sufficient sureties, and an inventory, as required by the statute, (*Nix. Dig.* 386,) was entitled to be discharged from arrest, and the sheriff should have made his return to the writ specially, in compliance with the fourth section of that act, together with the original bond and inventory, in order that the plaintiff might proceed to judgment in the original action. *Nix. Dig.* 387, § 11.*

Leave to amend is granted on terms of payment of the costs on the rule to bring in the body.

WOODHULL and VAN SYCKEL, Justices, concurred.

CITED *in David* v. *Blundell,* 10 *Vr.* 615.